# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| BRIAN THOMAS HIGGENBOTHAM, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:18-CV-62 HEA |
| MATTHEW ROBNETT, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Brian Thomas Higgenbotham (registration no.1110824), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show

more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff, Brian Thomas Higgenbotham, an inmate at the Eastern Reception, Diagnostic Correctional Center "ERDCC", brings this action pursuant to 42 U.S.C. § 1983. Plaintiff names the Missouri State Public Defender's System, as well as two State Public Defender's, Matthew Robnett and Tim Heseman, as defendants in this action. He brings this action against defendants in their official capacities only.

Plaintiff asserts that his "probation was revoked" and he was sent to prison. *See State v. Higgenbotham*, No. 15AA-CR00040-01 (12th Circuit Court, Montgomery County).[1] He claims he was "deprived of his right to due process of law, to a fair trial, to counsel and rights of confrontation as guaranteed by the Fifth, Sixth and Fourteenth Amendment of the United States Constitution."

Plaintiff states that public defenders Matt Robnett and Tim Heseman failed to adequately represent him in his state law case. Plaintiff alleges that he was suffering from a mental illness in his probation violation hearing caused by an injury to his skull which in his estimation should have caused his counsel to push for a competency evaluation prior to his sentencing.

Plaintiff seeks injunctive relief, as well as damages.

---

[1] On July 14, 2017, plaintiff pled guilty to the Class C Misdemeanor of Possession of Drug Paraphernalia with Intent to Use. He also pled guilty to the Class A Felony of Possession of a Controlled Substance. The Court found plaintiff to be a prior and persistent offender and sentenced plaintiff to be confined to the Missouri Department of Corrections for a period of seven (7) years for the felony and for a period of 180 days for the misdemeanor. The Court suspended execution of the sentences ("SES") and sentenced plaintiff to five years' probation.

**Discussion**

The Court has reviewed plaintiff's criminal case and finds that plaintiff's claims against defendants are barred under the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 643, 648 (1997)[2] and therefore subject to dismissal. *See also*, *Newmy v. Johnson*, 758 F.3d 1008, 1011-12 (8th Cir. 2014) (district court properly dismissed plaintiff's complaint because judgment for plaintiff would necessarily imply the invalidity of the parole revocation); and *Flying Horse v. Hansen*, 691 Fed. Appx. 299, 300 (8th Cir. 2017) (*Heck* bar applied to plaintiff's claim for damages after revocation of parole, because "a judgment in his favor would render the parole revocation invalid").

In *Heck*, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or sentence, or for harm caused by actions that would render a conviction or sentence invalid, a § 1983 plaintiff must first prove that his conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.

In the case at bar, plaintiff's claims are *Heck*-barred in light of the state court findings, after a full hearing on plaintiff's probation violations that he did, indeed, violate his conditions of probation. There was a motion to revoke plaintiff's probation filed in plaintiff's criminal case as early as September 25, 2017. Plaintiff was assigned a public defender to represent him in a hearing that was held on the probation violation on April 4, 2018.

The Court notes that plaintiff's public defender asked the state criminal court for a continuance to seek a mental evaluation on behalf of plaintiff. However, the motion was denied

---

[2]*Edwards v. Balisok*, 520 U.S. 641, 643, 648 (1997) (42 U.S.C. § 1983 action for damages and declaratory relief based on prison disciplinary proceedings resulting in loss of good-time credit is barred if success would imply invalidity of punishment imposed).

by the criminal court on April 4, 2018.[3] It was at this hearing that the previously imposed sentence of seven (7) years in the Missouri Department of Corrections was entered and plaintiff was remanded to the Department of Corrections.

The *Heck* doctrine derives from the existence of a valid conviction, not the mechanism by which the conviction was obtained (such as admissions by the defendant), so it is irrelevant that plaintiff entered guilty pleas in his original sentences or admitted to his probation violations in some or all of his revocation hearings. Accordingly, before plaintiff would be able to proceed with his claims against defendants[4], plaintiff must show that his state revocations have been reversed, expunged, or called into question, which, to date, he has not alleged or demonstrated. This he has failed to do. For these reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e) as *Heck*-barred.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

---

[3] The motion for mental exam was withdrawn by plaintiff's public defender, Penny J. Umstattd-Cope on October 18, 2018, in a separate criminal action filed simultaneously with *State v. Higgenbotham*, No. 15AA-CR00040-01 (12th Circuit Court, Montgomery County). *See, e.g., State v. Higgenbotham*, No. 17AA-CR00362-01 (12th Circuit Court, Montgomery County).

[4] Even if this case were not *Heck*-barred, plaintiff could not proceed with an action against defendant public defenders. A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). As a result, an action cannot be brought against a public defender under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that this action is subject to dismissal, pursuant to 28 U.S.C. § 1915(e), as the claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See also*, 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of January, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE